1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOMESAY SAY,                              No.  2:20-cv-1029 KJM AC P

12                    Plaintiff,

13         v.                                  ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17         Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18   and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.    Application to Proceed In Forma Pauperis

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 7.  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                          1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

II.        Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

III.    <u>Complaint</u>

The complaint alleges that defendants Sacramento County and Rio Cosumnes Correctional Center violated plaintiff's constitutional rights by failing to follow CDC recommendations related to COVID-19. ECF No. 1 at 3. Plaintiff generally identifies "social distancing, mask uncleanly [sic] environment and that [he is] innocent until proven guilty without any medical testing being done." <u>Id.</u>

IV.    <u>Failure to State a Claim</u>

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989) (alteration in original) (quoting <u>Monell</u>, 436 U.S. at 694 and <u>Polk County. v. Dodson</u>, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>Id.</u> at 385. Plaintiff does not allege facts showing that the conditions he complains of are the result of a policy or custom of the county and the complaint fails to demonstrate any violation of plaintiff's rights given the generality of the allegations and lack of explanation as to how the conditions affected him personally.

////

If the conditions plaintiff complains of are the result of specific individuals' actions rather than a custom or policy of the county, those individuals must be named as defendants and plaintiff must allege facts showing what each individual did or did not do that he believes violated his rights.

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You need to provide more specific information about how the conditions affected you, and whether the alleged violations were the result of a county or jail policy or the actions of individuals. If the problems are caused by a policy, you need to explain what it is. If the problems are caused by the actions of individuals, you need to explain who did what to violate your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF Nos. 2, 7, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 1, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE